# APPENDIX B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v.  § § | Crim. No. H-09-342 |
| ROBERT ALLEN STANFORD § a/k/a Sir Allen Stanford § a/k/a Allen Stanford § | |

NOTICE REGARDING EXPIRED ANTIGUAN PASSPORT

The United States provides notice to the Court that it has learned that an expired diplomatic Antiguan passport in Mr. Stanford's name has been in the possession of one of the attorneys in Dallas working for the Receiver. Counsel for the Receiver informed the United States that during a July 1st conference call between counsel for the Receiver and counsel for Stanford concerning another issue, one of Stanford's attorneys raised the possibility that an expired Antiguan passport was in a briefcase at Stanford's Sugar Land airport hangar. A Dallas attorney working for the Receiver who was on the call responded that he has had an expired Antiguan passport of Stanford's in his office. The passport is a red, diplomatic passport that expired in 2005 and was apparently retrieved a few months ago from Stanford's home in St. Croix. The United States brings this to the Court's attention because factual finding #15 in the Court's detention order states that the "whereabouts of the second, allegedly expired, Antiguan passport is unknown."

The United States does not believe that this development alters the Court's conclusion that Stanford is a serious flight risk and that no condition or combination of conditions will reasonably assure his appearance at trial. It does not relate to the other eighteen finds of fact listed in the Court's June 30th Order. Nor did the Court mention the expired Antiguan passport in its paragraph concluding that Stanford is a significant flight risk: "Taken together, Stanford's longstanding ties to a country other than the United States–Antigua and Barbuda, his primary residence for the past fifteen years, his access to an international network and financial resources, his familiarity with global travel, and the severity of the punishment he may be subjected to if convicted of the charges against him compel the Court's determination that Stanford poses a significant risk to flee the Court's jurisdiction prior to trial." Order ¶ 44. Moreover, the fact that Stanford told Judge Stacy on June 25th that he did not know the whereabouts of his current Antiguan passport, when in fact he had directed a friend from Austin to obtain the current Antiguan passport in May, is strong evidence of flight risk. *See* Order ¶ 14.

## CONCLUSION

For the reasons discussed above, the United States notifies the Court about this development and maintains that Stanford is a serious flight risk who should be detained pending trial.

                              Respectfully submitted,

                              TIM JOHNSON
                              United States Attorney

BY:     S:_____
                              GREGG COSTA
                              Assistant United States Attorney

                              STEVEN A. TYRRELL
                              Chief
                              Fraud Section, Criminal Division
                              U.S. Department of Justice

BY:     S:_____
                              PAUL E. PELLETIER
                              Principal Deputy Chief
                              JACK B. PATRICK
                              Senior Litigation Counsel
                              MATTHEW KLECKA
                              Trial Attorney
                              Fraud Section, Criminal Division

## CERTIFICATE OF SERVICE

I certify that the Notice Regarding Expired Antiguan Passport was served on counsel for the defendant, Dick DeGuerin, via ECF and email on July 2, 2009.

                              S:_____
                              Gregg Costa