IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>)<br>ROBERT ALLEN STANFORD, )<br>LAURA PENDERGEST-HOLT, )<br>GILBERT LOPEZ, )<br>MARK KUHRT, and )<br>LEROY KING ) | CR. NO. H-09-342<br>Hon. David Hittner<br>Magistrate Frances Stacy |

**DEFENDANT R. ALLEN STANFORD'S EXPEDITED MOTION TO PERMIT NEW ATTORNEYS TO APPEAR FOR LIMITED PURPOSE**

Defendant R. Allen Stanford hereby moves this Court for an Order permitting Patton Boggs LLP and Sydow & McDonald, LLP ("the Firms"), to appear as his attorneys for the limited purpose of resolving whether Mr. Stanford will be granted access to monies to pay for his legal fees and expenses. The purpose for the Firms' limited appearance, along with the good cause that exists for granting this Motion, is described in the accompanying Memorandum of Law.

August 4, 2009

Respectfully submitted,

/s/ Michael D. Sydow
Michael D. Sydow (Texas No. 19592000)
Sydow & McDonald, LLP
4400 Post Oak Parkway
Suite 2360
Houston, TX 77027
Tel.: 713-622-9700

5040011

Fax: 713-552-1949

Robert D. Luskin (*pro hac vice motion to be submitted*)
Christina Guerola Sarchio (*pro hac vice motion to be submitted*)
Samuel Rosenthal (*pro hac vice motion to be submitted*)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendant R. Allen Stanford*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | CR. NO. H-09-342 |
| ) | Hon. David Hittner |
| ROBERT ALLEN STANFORD, ) | Magistrate Frances Stacy |
| LAURA PENDERGEST-HOLT, ) | |
| GILBERT LOPEZ, ) | |
| MARK KUHRT, and ) | |
| LEROY KING ) | |

**DEFENDANT R. ALLEN STANFORD'S MEMORANDUM OF LAW
IN SUPPORT OF EXPEDITED MOTION TO PERMIT NEW
ATTORNEYS TO APPEAR FOR LIMITED PURPOSE**

Defendant R. Allen Stanford seeks an Order from this Court permitting Patton Boggs LLP ("Patton Boggs") and Sydow & McDonald, LLP ("Sydow & McDonald") (Patton Boggs and Sydow & McDonald are collectively referred to herein as "the Firms"), to appear for the limited purpose of resolving whether Mr. Stanford will be granted access to monies to pay for his legal fees and expenses. Mr. Stanford submits that there is good cause to grant this Motion, as follows:

I.   INTRODUCTION

On February 17, 2009, the Securities and Exchange Commission ("SEC") sought an order from the United States District Court for the Northern District of Texas to seize and freeze the assets of Defendant R. Allen Stanford and his business of more than a decade, the Stanford Group Companies. *See Securities and Exchange*

1

*Commission v. Stanford Int'l Bank, Ltd.*, Case No. 3:09-cv-0298-N. The SEC succeeded in its efforts to obtain such an order essentially by default because Mr. Stanford asserted his Fifth Amendment rights. Those assets, as well as Mr. Stanford's records, clothing and personal possessions, are now in the control of a Receiver. Mr. Stanford, therefore, is not able to access those funds or other assets to pay for attorneys to represent him in this case or otherwise effectively defend himself.

Moreover, although Mr. Stanford is an intended beneficiary of his companies' various insurance policies, to include a Directors & Officers Liability insurance policy, he has been denied the benefits to those policies because the Receiver has made the erroneous claim that all insurance policy proceeds, including those contractually obligated to cover Mr. Stanford's defense costs on an as-incurred basis, belong to the Receivership Estate. This issue is currently being litigated in the SEC civil proceeding by Patton Boggs and Sydow & McDonald, who Mr. Stanford retained to represent him in that action.

Although Mr. Stanford had been represented by Dick DeGuerin of DeGuerin & Dickson in the criminal proceeding, Mr. DeGuerin filed a motion to withdraw as counsel on July 31, 2009.

Mr. Stanford therefore now seeks an order from this Court permitting Patton Boggs and Sydow & McDonald to make a limited appearance in this case to resolve the issue of whether Mr. Stanford will be able to pay attorneys in this criminal action. Mr. Stanford and the Firms have agreed that, if the Firms are successful in obtaining

those assurances from the Court, Patton Boggs and Sydow & McDonald will make a full appearance on Mr. Stanford's behalf in this case.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Mr. Stanford Has Agreed To Permit the Firms to Make a Limited Appearance.

Defendant R. Allen Stanford retained the Firms to make a limited appearance as attorneys of record in this case. Specifically, Mr. Stanford has retained Patton Boggs for purposes of seeking an order from this Court: (i) allowing Mr. Stanford's lawyers to be paid for their services on Mr. Stanford's behalf in this case; and, (ii) providing that any funds, including, without limitation, insurance policy proceeds, designated to pay the legal fees and costs for representing Mr. Stanford in this case will not be frozen or otherwise forfeited.[1] Mr. Stanford retained Sydow & McDonald to serve as local counsel given that Patton Boggs has an office only in Dallas, Texas. In support of that endeavor, the Firms will seek permission to file a supplemental brief in reply to the government's opposition to the Stanford's Expedited Motion for An Order Directing The United States to Release Funds or to Dismiss the Indictment, attached hereto as Exhibit A, and may move for additional relief.[2]

---

[1] Mr. Stanford further requested, and the Firms agreed, to take over the appeal pending before the United States Court of Appeals for the Fifth Circuit.

[2] Counsel for Patton Boggs conferred with Assistant United States Attorney Gregg Costa on August 3, 2009 and August 4, 2009, regarding filing a supplemental reply brief and an extension of time to do so, which Mr. Costa consented to if the Court granted the motion to make a limited appearance.

The Firms and Mr. Stanford have further agreed that Patton Boggs' appearance in this case is contingent on obtaining a court order allowing the Firm to enter a limited appearance as described above. Therefore, if the Court does not consent to the terms described above, the Firms and Mr. Stanford have agreed that Patton Boggs shall not otherwise enter an appearance in this case.[3] Mr. Stanford and Patton Boggs have agreed, however, that if the Firms are successful in obtaining such a court order, and the issue of the attorneys' fees and expenses is resolved in Mr. Stanford's favor, Patton Boggs will make a full appearance on Mr. Stanford's behalf in this case.

**B.   Texas Practice and Case Law Permits Attorneys to Make Limited Appearances and to Withdraw Thereafter.**

Federal courts in Texas, including in the SEC's civil case against Mr. Stanford, routinely permit attorneys to make limited appearances to litigate a variety of issues, after which these attorneys are permitted to withdraw as counsel of record. *See e.g.,* Ex. B (March 2, 2009 Hearing Trans.), at 9-10, from *Securities and Exchange Commission v. Stanford Int'l Bank, Ltd.*, Case No. 3:09-cv-0298-N (permitting attorney to make limited appearance on Mr. Stanford's behalf for purposes of asking for a continuance of a temporary restraining order motion; attorney subsequently withdrew); *see also, e.g., Krivan v. Dallas County*, No. 3-99-CV-1560-D, 2001 U.S. Dist. LEXIS 20614, at *3 n.2

---

[3] The Firms submit that they have appeared solely in the above-captioned criminal case for the limited purpose of seeking the relief described in this Motion. Mr. Stanford and the Firms have agreed that the Firms will withdraw and not continue to represent Mr. Stanford in this case if they are unable to obtain an order from this Court as described above.

4

(N.D. Tex. Dec. 12, 2001) (noting that attorney made a limited appearance on criminal defendant's behalf, and then withdrew); *see also,* Texas Disciplinary Rules of Professional Conduct Rule 1.02(b) ("[a] lawyer may limit the scope, objectives and general methods of the representation if the client consents after consultation") and cmt. 4 ("The scope of representation provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client.").[4]

Mr. Stanford acknowledges that he has reasonable notice, by virtue of the agreement he executed with Patton Boggs, that the Firms have been retained for a limited purpose here pending resolution of the fees issue. Mr. Stanford accordingly submits that good cause exists to permit Patton Boggs and Sydow & McDonald to make a limited appearance in this case for the reasons described above.

---

[4] *See also, Great Western Coal, Inc. v. Brown,* 146 B.R. 702, 704 (Bankr. S.D. Tex. 1992) ("The Attorney General for the State of South Carolina made a limited appearance to prosecute her motion to dismiss on Eleventh Amendment grounds. Santee Cooper also made a limited appearance through counsel to raise the same Eleventh Amendment immunity defense."); *Houston Chapter of Int'l Ass'n of Black Professional Firefighters v. Houston,* Civil Action No. H-86-3553, 1991 U.S. Dist. LEXIS 13391, at *3 (S.D. Tex. May 3, 1991) (Lake, J.) (permitting attorney "to enter a limited appearance for plaintiffs, for the purpose of investigating the merits of the claims raised and for the purpose of assisting in their resolution"); *Eastern Texas R. Co. v. Railroad Com.,* 242 F. 300, 305 (W.D. Tex. 1917) (permitting attorneys to make limited appearance to contest jurisdiction).

5

### III.  CONCLUSION

Wherefore, in consideration of Texas law and the representation agreement between Mr. Stanford and the Firms, Mr. Stanford respectfully requests the Court grant the instant motion.

August 4, 2009

Respectfully submitted,

/s/ Michael D. Sydow
Michael D. Sydow (Texas Bar No. 19592000)
Sydow & McDonald, L.L.P.
4400 Post Oak Parkway
Suite 2360
Houston, TX 77027
Tel.: 713-622-9700
Fax: 713-552-1949

Robert D. Luskin (*pro hac vice motion to be submitted*)
Christina Guerola Sarchio (*pro hac vice motion to be submitted*)
Samuel Rosenthal (*pro hac vice motion to be submitted*)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendant R. Allen Stanford*

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendant R. Allen Stanford hereby certifies that on Tuesday, August 4, 2009, counsel for Mr. Stanford conferred with Gregg Costa, Assistant U.S. Attorney, through electronic mail about the matters raised in this motion. Mr. Costa responded that the government did not consent to the motion for a limited appearance, but would consent to Mr. Stanford filing a supplement to the reply to the government's opposition to the Stanford's Expedited Motion for An Order Directing The United States to Release Funds or to Dismiss the Indictment if the Court granted the instant motion for a limited appearance.

/s/ Michael D. Sydow
Michael D. Sydow

## CERTIFICATE OF FILING

I certify that on August 4, 2009, the foregoing motion was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Michael D. Sydow
Michael D. Sydow