UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim. No. H-09-342 |
| | § | |
| ROBERT ALLEN STANFORD | § | |
|   a/k/a Sir Allen Stanford | § | |
|   a/k/a Allen Stanford | § | |

RESPONSE BY THE UNITED STATES TO STANFORD'S EXPEDITED
MOTION TO PERMIT NEW ATTORNEYS TO APPEAR
FOR LIMITED PURPOSE

The United States opposes Stanford's Expedited Motion To Permit New Attorneys To Appear For Limited Purpose (Expedited Motion) because allowing such a conditional appearance would create a significant risk of indefinite delay in this case and the Patton Boggs attorneys are already able to litigate issues concerning Stanford's access to funds as Stanford's counsel in the civil SEC case.

## I. BACKGROUND

On July 31, 2009, Dick DeGuerin filed a motion to withdraw as Stanford's counsel. *See* Docket Entry # 84. That motion states that Stanford was "asking that Patton Boggs substitute as counsel in place of Dick DeGuerin" and that "Dick DeGuerin and his associated lawyers are unwilling to go forward without the assurance of being paid for work in the future." *Id*. On August 4, 2009, the Court issued its ruling on DeGuerin's motion, ordering that the motion would be "held in

abeyance until such time as a simultaneous unconditional motion for substitution of counsel is filed by new counsel." Docket Entry # 86.

Later during the day on August 4, Michael Sydow and attorneys from Patton Boggs filed the Expedited Motion. *See* Docket Entry # 89. The Expedited Motion asks the Court to permit those attorneys "to make a limited appearance in this case to resolve the issue of whether Mr. Stanford will be able to pay attorneys in this criminal action" and states that "Mr. Stanford and the Firms have agreed that the Firms will withdraw and not continue to represent Mr. Stanford in this case if they are unable to obtain an order from this Court" allowing such a limited appearance. *Id*. at 2, 4 n.3. The Expedited Motion also seeks permission to file a reply brief in support of Stanford's motion asking this Court to direct the United States to take steps to obtain funds for Stanford's defense, a motion on which DeGuerin had already filed a reply (*see* Docket Entry # 85).[1]

Civil attorneys from Patton Boggs already represent Stanford in the civil SEC case pending against him in Dallas. *See SEC v. Stanford International Bank, Ltd., et al.*, No. 3:09-cv-298 (N.D. Tex.) ("Civil Case"). Currently pending in that case is a motion by codefendant Holt, in which Stanford has joined, asking the Dallas district

---

[1]As stated in the Expedited Motion, in the event the Court allows Sydow and Patton Boggs to make a limited appearance, then the United States would not oppose the filing of this reply.

court to rule that its asset freeze order does not apply to a Directors and Officers Insurance Policy ("D&O Policy") or, in the alternative, to approve disbursement of the policy proceeds to the defendants for their legal fees. *See* Civil Case, Docket Entries # 538, 567. The Receiver has taken the position that the D&O Policy is an asset of the estate as it covers not just individuals such as Stanford but also numerous Stanford Financial Group entities, but recognizes the competing interests of the individuals in the proceeds and has thus asked the Dallas district court "to make an appropriate allocation of D&O proceeds." Civil Case, Docket Entry # 599. The Dallas district court has not yet ruled on this issue.

## II.   A CONDITIONAL APPEARANCE WOULD RESULT IN CONFUSION AND CREATE A SIGNIFICANT RISK OF INDEFINITE DELAY

Stanford has the right to the attorney of his choice who is willing to represent him. At this time, however, Sydow and Patton Boggs are not willing to represent him absent certain conditions being met in the future. Allowing such a conditional appearance poses a number of problems and provides no discernable benefit given the ability of the Patton Boggs attorneys to seek attorneys fees from the district court presiding over the civil case.

First, given this Court's ruling that DeGuerin may not withdraw until other counsel makes an unconditional appearance, allowing a conditional appearance by

Patton Boggs would result in Stanford being represented by two separate counsel. The first manifestation of the confusion that would result from this situation is the fact that both DeGuerin and Patton Boggs attempted to file separate reply briefs on Stanford's motion seeking this Court to direct the United States to obtain funds for the payment of Stanford's attorney fees. In a situation in which two separate groups of attorneys are representing a single individual, the Court and other parties are not able to determine which filing actually represents Stanford's position. Given the present uncertainty, the United States is in the unusual position of currently serving both Dick DeGuerin and Patton Boggs with filings in this case.

In addition, allowing a conditional appearance is likely to raise questions as this case progresses concerning the scope of that limited appearance. Sydow and Patton Boggs state that the appearance would be limited to "allowing Stanford's lawyers to be paid for their services on Mr. Stanford's behalf in this case" and "providing that any funds . . . designated to pay the legal fees and costs for representing Mr. Stanford in this case will not be frozen or otherwise forfeited." Motion 3. But these attorneys have some involvement in the substance of the criminal case given that Patton Boggs recently took over representation of Stanford in the Fifth Circuit on his bond appeal. It is thus not clear, for example, whether the

"limited purpose" would entitle Patton Boggs to participate in the discovery process or to represent Stanford at the status conference scheduled for September 10.

Most concerning, allowing a conditional appearance carries a significant risk of indefinite delay in this case. If Sydow and Patton Boggs are allowed to conditionally appear and undertake a substantial amount of the discovery and litigation work but then ultimately elect to withdraw,[2] new counsel for Stanford would have to take the time to redo that work. The constitutional and statutory interest in a speedy trial thus counsels against a conditional appearance. Notably, all of the cases cited in the Expedited Motion in which courts allowed limited appearances are civil cases which do not involve speedy trial concerns.

Finally, Patton Boggs is already in a position to assist Stanford's attempt to obtain funds for his legal defense without making a conditional appearance in this case. Patton Boggs represents Stanford in the civil case. Indeed, the Expedited Motion acknowledges that the insurance policy "issue is currently being litigated in the SEC civil proceeding by Patton Boggs and Sydow & McDonald . . . . " Motion 2. As discussed in the United States's response to Stanford's request to have this Court order the United States to obtain funds for Stanford's defense, the Dallas

---

[2]The Expedited Motion does not set a benchmark for when Sydow and Patton Boggs will have obtained enough funds to make a permanent appearance, apparently leaving that decision to the sole discretion of those attorneys.

district court presiding over the assets of the Receivership Estate is the appropriate forum for any attempts by Stanford to obtain estate funds for his defense. *See* Docket Entry # 83. Moreover, Stanford already has filed and fully briefed a motion asking this Court to get involved with the D&O Policy issue. The Expedited Motion does not explain what additional litigation is needed in this Court on that issue.

The United States hopes that the Dallas district court will soon resolve the litigation concerning the D&O Policy and that the resolution will lead to a final determination of Stanford's counsel situation. But to allow a conditional appearance by Sydow and Patton Boggs in this Court would not expedite resolution of the D&O Policy issue and instead would create a strong likelihood of confusion and delay.

## CONCLUSION

For the reasons discussed above, the Court should deny the request of Michael Sydow and Patton Boggs to make a conditional limited appearance in this case.

                                  Respectfully submitted,

                                  TIM JOHNSON
                                  United States Attorney

BY:    _S:\_ Gregg Costa_____
           GREGG COSTA
           Assistant United States Attorney

           STEVEN A. TYRRELL
           Chief
           Fraud Section, Criminal Division

BY:    _____S:\Paul Pelletier_____
           PAUL E. PELLETIER
           Principal Deputy Chief
           JACK B. PATRICK
           Senior Litigation Counsel
           MATTHEW KLECKA
           Trial Attorney

## CERTIFICATE OF SERVICE

  I certify that the Response to Stanford's Expedited Motion was served via ECF and electronic mail on counsel for defendant Stanford, Dick DeGuerin, as well as on Patton Boggs, on August 11, 2009.

              S:\___Gregg Costa_____
              Gregg Costa