# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **Cr. No. H-09-342** |
| | § | |
| **ROBERT ALLEN STANFORD** | § | |
|    **a/k/a Sir Allen Stanford** | § | |
|    **a/k/a Allen Stanford,** | § | |
| **LAURA PENDERGEST-HOLT** | § | |
|    **a/k/a Laura Pendergest** | § | |
|    **a/k/a Laura Holt,** | § | |
| **GILBERTO LOPEZ,** | § | |
| **MARK KUHRT** | § | |
|    **and** | § | |
| **LEROY KING** | § | |

## MEMORANDUM REGARDING  STATUS HEARING

The United States files this Memorandum to provide the Court with a status report on discovery in this case.  As discussed below, the United States is providing the defense with complete access to documents in this case in an expeditious, convenient and efficient matter.  Given the more than three months that have elapsed since the defendant's initial appearances in this case, the United States's providing timely and broad access to discovery in this case, and the pretrial detention of one of the defendants, the United States recommends that the Court set a prompt trial date at the status hearing and agree to schedule additional status hearings every sixty days

so that any issues concerning discovery or other pretrial matters can be raised and addressed in a timely manner.

I.      DISCOVERY PROCESS TO DATE

The indictment in this case was unsealed on June 19, 2009.  The indictment focuses on fraud in the Stanford International Bank, Ltd. (SIBL) certificate of deposit (CD) program.  Defendants Stanford, Lopez and Kuhrt made their initial appearances on June 19 and defendant Pendergest-Holt made her initial appearance on June 25. With respect to defendant Leroy King, he is under house arrest in Antigua & Barbuda and the United States has submitted extradition papers through diplomatic channels. An extradition hearing is currently set for December 14.

Soon after the return of the indictment, the United States engaged a contractor to Bates label and scan into an *iConnect* database all of the documents obtained by the United States during this criminal investigation.  *iConnect* is internet-based software commonly used by law firms, corporate legal departments, and government agencies which creates a searchable database for document review.  *See* www.iconnect.com. Anyone with a password can thus access the *iConnect* database via the internet from any computer and search the documents either one-by-one in Bates number order or by searching for certain terms akin to a Westlaw search.  When a document is viewed in the database, it can then either be assigned to a folder created by the user or printed out.

On July 27, the United States held a conference call with counsel for defendants Holt, Lopez and Kuhrt and then-counsel for defendant Stanford. The United States explained the *iConnect* database and provided defense counsel with the procedures for each party obtaining a password. The United States further explained the firewall procedures that have been put into place so that each party would be unable to view which documents other parties are reviewing. In addition to this arrangement, the contractor is providing one project manager for the United States and a different one for the defendants. The separate project managers ensures that neither side has access to the other's passwords or is aware of issues relating to the database on which the parties need to confer with the project manager (such as asking how to create certain folders). After describing these firewall procedures, the United States also explained that in the event a defendant is not comfortable with these procedures, for a reasonable cost to the defendants,[1] the contractor can download all the documents onto hard drives which would provide the defendant with access to all the documents outside of the searchable database format.[2] After this Court appointed

---

[1]The United States is paying the cost of scanning all the documents into the database and maintaining the database, which includes paying a monthly fee for each password issued.

[2]The bulk of the evidence in this case was originally obtained by agents in electronic format (e.g., bank records provided electronically, imaged hard drives provided pursuant to requests served on the Receiver). Thus, little of the evidence is stored as hard copies in boxes which can be reviewed the "old-fashioned way."

new counsel for Stanford, the United States discussed the *iConnect* procedures with new counsel on September 29 and provided new counsel with the contact information for the project manager who will provide a  password.

The documents that the United States has obtained during this investigation and which have been scanned into the *iConnect* database consist largely of documents received in response to grand jury subpoenas, documents obtained from the Securities and Exchange Commission's investigation, documents requested from the Stanford Financial Group Receiver pursuant to official letter requests, and documents obtained from CD investors and other third parties.  As of early October 2009, approximately 1.25 million documents had been scanned into the database.  This translates to approximately 4.11 million pages, which is 215 gigabytes.

Additional documents are currently being processed by the contractor,  which estimates that this additional data of approximately 1.5 million pages will be uploaded over the next couple weeks and result in an additional The majority of these documents are emails obtained off the Stanford Financial Group server for key Stanford employees, including defendants Stanford, Holt, Kuhrt and Davis.  Many of these emails have no relevance to this case and the database allows for key word searches to identify those emails related to the CD program or any other issues relevant to this case.  While the United States expects that it will be obtaining

4

additional documents prior to trial which will be promptly added to the *iConnect* database, the United States believes that the vast majority of documents have already been obtained and thus are currently accessible to the defendants via the *iConnect* database.

In addition to providing this searchable online database of the documents obtained during the criminal investigation, the United States is in the process of identifying a smaller universe of "hot documents" which will include many of the documents the United States will later designate as trial exhibits.  When a sufficient number of these documents have been so designated, the United States will make the "Hot Documents" folder accessible to the defendants on *iConnect*.  The defendants will thus have notice of many of the  documents that the United States intends to use at trial well before the traditional deadline for turning over exhibits, while also having access to the entire universe of documents so they can review any documents that they deem to be relevant.

II.   THE UNITED STATES REQUESTS A TRIAL DATE AND PERIODIC STATUS HEARINGS

In light of the passage of time since the return of the indictment and the defendants' access to the full scope of documents obtained in this investigation, the United States requests that the Court set a trial date at the October 14 status

conference.  Absent a trial date, the parties will lack an incentive to review discovery and prepare for trial.  The United States estimates that it will present its case-in-chief in six weeks.

The United States further recommends that the Court hold periodic status conferences, every 60 days or so, at which the parties can raise any discovery or other pretrial issues.  The holding of regular status conferences will hopefully allow these issues to be resolved sufficiently in advance of trial to prevent a continuance of the trial date.

Respectfully submitted,

TIM JOHNSON
United States Attorney

BY:    _S:\_Gregg Costa_____
GREGG COSTA
Assistant United States Attorney

STEVEN A. TYRRELL
Chief
Fraud Section, Criminal Division

BY:    _____S:\Paul Pelletier_____
PAUL E. PELLETIER
Principal Deputy Chief
JACK B. PATRICK
Senior Litigation Counsel
MATTHEW KLECKA
Trial Attorney

6

<u>CERTIFICATE OF SERVICE</u>

I certify that the Memorandum Regarding Status Hearing was served on counsel for the defendants via ECF on October 13, 2009.

S:\___Gregg Costa_____
Gregg Costa