# BAKER BOTTS LLP

1500 SAN JACINTO CENTER
98 SAN JACINTO BLVD.
AUSTIN, TEXAS
78701-4078

TEL +1 512.322.2500
FAX +1 512.322.2501
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

Via E-mail: Ellen_Alexander@txs.uscourts.gov

November 12, 2009

Judge David Hittner
U.S. District Court for the Southern District of Texas
United States Courthouse
515 Rusk Avenue
Houston, Texas 77002

Ellen Alexander
Case Manager
United States Courthouse
515 Rusk Avenue
Houston, Texas 77002

Clerk of Court
United States Courthouse
515 Rusk Avenue
Houston, Texas 77002

Kevin Sadler
TEL +1 512.322.2589
FAX +1 512.322.8332
kevin.sadler@bakerbotts.com

Re: *United States of America v. Robert Allen Stanford*, CR No. 4:09-342-01 in the United States District Court for the Southern District of Texas, Houston Division.

*Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.*; Case No. 3-09-cv-00298-N in the United States District Court for the Northern District of Texas, Dallas Division.

To the Honorable David Hittner:

Pending before this Court is Robert Allen Stanford's ("Stanford") motion for entry of a protective order ("the Motion") that would "exempt" him from complying with the Amended Order Appointing Receiver ("AOAR"), entered by Judge David C. Godbey in *SEC v. Stanford International Bank, Ltd.* Stanford asserts that complying with the AOAR interferes with his right to effective assistance of counsel, violates the attorney/client and work product privileges, implicates his right to a defense, and might expand the limitations on reciprocal discovery *if* the government were to learn what materials were provided to the Receiver. I am writing on behalf of the Court-appointed Receiver in the SEC's civil case.

**BAKER BOTTS** LLP

- 2 -

The Receiver was alerted to the filing of this Motion by counsel for the Government and was advised that it was this Court's understandable desire that counsel for the Receiver attempt to reach a resolution of this matter by conferring with counsel for Stanford. The Motion presents something of an abstract or theoretical issue, because there is no presently pending discovery demand from the Receiver directed to or involving counsel for Stanford, nor is there any pending controversy over any discovery requests. Nevertheless, the Receiver has made two proposals to counsel for Stanford in an attempt to resolve this matter, either of which would involve the entry of agreed Orders by the Judge of the Receivership Court, the Honorable David C. Godbey.

Both of the Receiver's proposals have been rejected by counsel for Stanford. *See* 11/11/09 9:59 AM email string, attached as Exhibit A ("If you would like to reach an agreement than [sic] sign the order I sent you and send it back."); 11/11/09 5:47 PM email string, attached as Exhibit B ("I can only assume, at this point, that you are trying to reach a quota on billable hours today."). Because the relief Stanford seeks would require a modification to the standing AOAR, this matter should be addressed to Judge Godbey, who presides over the Receivership. Thus far, however, counsel for Stanford has not sought any relief in the Receivership Court. It is not appropriate for Stanford or any party to collaterally challenge in this Court, a standing Order of the Receivership Court, just as it would be inappropriate for any party to ask the Receivership Court to enter an Order which modifies an Order of this Court in the criminal case.

The Receiver understands that counsel for Stanford is resistant to turning over Receivership Records to the Receiver out of a his concern that doing so will provide "free discovery" to the Government concerning defense counsel's investigation or trial strategy.

**BAKER BOTTS** LLP

- 3 -

However, the Receiver is under a court-ordered duty to marshal all assets and records of the Estate, and it would not be appropriate for any party, including Stanford, to acquire and maintain exclusive possession of records that belong to the Receiver. Nevertheless, the Receiver has made proposals which address all of Stanford's professed concerns, but counsel for Stanford has rejected those proposals because he objects to turning over any Receivership Records to the Receiver, and he objects to Judge Godbey entering any order concerning this matter.

Attached as Exhibit C is the most recent proposal by the Receiver to counsel for Stanford – a Proposed Agreed Protective Order that once entered, would strike a reasonable balance between the Receiver's court-ordered duties and counsel for Stanford's concerns about providing free discovery to the Government. This proposed Order and the issues raised thereby should be presented to Judge Godbey for consideration, and it is not appropriate for counsel for Stanford to ask this Court to enter an order that would modify a standing Order of the Receivership Court.

The Receiver first suggested that the parties should address this matter to Judge Godbey because it is his order from which Stanford seeks to be "exempted." *See* 11/04/09 8:40 AM email string, attached as Exhibit D ("I am hopeful we can reach an agreement, and was simply asking what your view was on whether Godbey should be the judge to sign off on an agreed order if we do reach an agreement."); 11/06/09 11:37 AM email, attached as Exhibit E. By refusing to seek relief from Judge Godbey, and instead requesting that this Court excuse compliance with Judge Godbey's order, Stanford unnecessarily asks this Court to contravene long-standing principles of jurisdiction, inherent equitable authority, and comity. *See Gregory-Portland Indep. Sch. Dist. v. Tex. Educ. Agency*, 576 F.2d 81, 83 (5th Cir. 1978) ("In the instant

**BAKER BOTTS** L.L.P.

- 4 -

case, a continuing power over the order prescribing TEA conduct existed in the Eastern District Court. By enjoining the TEA from following the order, the Southern District seriously interfered with the power of the Eastern District Court to maintain the integrity of the order."); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("'When a court is confronted with an action that would involve it in a serious interference with or usurpation of this continuing power [to modify an injunctive decree], 'considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction * * * and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.'") (citation omitted); *Feller v. Brock*, 802 F.2d 722, 727 (4th Cir. 1986) (holding that a District Court abused its discretion in issuing a preliminary injunction which directly conflicted with a permanent injunction issued by another District Court because this required the defendant "to choose between coordinate courts and to knowingly violate an outstanding court order."); *Doe v. Doe Agency*, 608 F. Supp. 2d 68, 71 (D.D.C. 2009) ("In this case, plaintiffs do not dispute their ability to seek the lifting or modification of the district and appellate court sealing and protective orders. Therefore, the appropriate action is for them to seek such relief in the issuing courts rather than to collaterally challenge those courts' orders here.").

    For these reasons the Receiver requests that this Court deny Stanford the relief he seeks and refer him to the Receivership Court, where Stanford is a party and is represented by multiple counsel of record, so that the Receivership Court can address this matter.

Sincerely,

Kevin Sadler

**BAKER BOTTS** LLP

- 5 -

cc:    Kent A. Schaffer (zackymax@aol.com)
George McCall Secrest, Jr. (dgreer@the24thfloor.com)
Chris Flood (gail@floodandflood.com)
Dan Lamar Cogdell (dan@cogdell-law.com)
James Madison Ardoin (ardoin@gmail.com)
Jack B. Zimmermann (jbzlaw@swbell.com)
Richard B. Kiniansky (rkuniansky@hotmail.com)
Gregg Jeffrey Costa (gregg.costa@usdoj.gov)
Jackie B. Patrick (jack.partrick2@usdoj.gov)
James L. Turner (jim.turner@usdoj.gov)
Matthew A. Klecka (matthew.klecka@usdoj.gov)
Paul E. Pelletier (Paul.Pelletier@uddoj.gov)
Richard Roper (richard.roper@tklaw.com)