**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CR. NO. 4:09-342-01** |
| **v.** | § | |
| | § | |
| **ROBERT ALLEN STANFORD** | § | |

**DEFENDANT'S AMENDED MOTION FOR REVIEW OF CONDITIONS OF RELEASE OR, IN THE ALTERNATIVE, TO DISMISS FOR LACK OF SPEEDY TRIAL**

TO THE HONORABLE DAVID HITTNER, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

Pursuant to 18 U.S.C. § 3164 and § 3161, Defendant Robert Allen Stanford (hereinafter "Mr. Stanford") requests the Court set an expedited hearing for review of his conditions for release or in the alternative, to dismiss this case with prejudice, and in support thereof, states:

## I. INTRODUCTION

Mr. Stanford was indicted on June 18, 2009 and voluntarily surrendered himself to authorities that same day. On June 25, 2009, Magistrate Judge Frances Stacy conducted a detention hearing and determined that Mr. Stanford could be released from custody pending trial subject to posting a $500,000 bond with a $100,000 cash deposit and other conditions of release.

The Government moved to revoke the release order and this Court conducted a hearing and granted the Government's motion. Through no fault of his own, Mr. Stanford has remained in custody four hundred and seventy four (474) days since his initial detention. *Mr. Stanford wants to proceed to trial and clear his name, however, preparation for this highly complex and discovery intense case while in pretrial detention in a maximum security prison has been impossible*. Mr. Stanford respectfully submits that there is no need to continue pretrial detention where, as here, there is no danger to the community and where conditions can be imposed to assure Mr. Stanford's presence at trial. Therefore, Mr. Stanford requests this Court to order his release under § 3164 or, in the alternative, to dismiss the indictment with prejudice.

Title 18 requires that a detainee who, through no fault of his own or his counsel, is entitled to release and automatic review by the court of his conditions of release if trial of the matter has not commenced within 90 days after the beginning of continuous detention. 18 U.S.C. § 3164. The periods of delay set out in § 3161(h) are excluded in determining the time limitation enumerated in 18 U.S.C. § 3164(b). This is not a question of speedy trial, but whether Mr. Stanford has been detained in excess of 90 days under § 3164. As set out below, Mr. Stanford has been held in custody far in excess of the statutory time period allowed under 18 U.S.C. § 3164. The plain language of the statute requires that he be released from

pretrial detention, and that conditions of release be set by this Court. Alternatively, this case should be dismissed with prejudice for violations of the Speedy Trial Act.

## II. 18 U.S.C. § 3164 REQUIRES AUTOMATIC REVIEW OF DEFENDANT'S CONDITIONS OF RELEASE.

The plain language of 18 U.S.C. § 3164 specifically requires that district courts review the conditions of a detainee's release where, as here, trial did not commence within 90 days of continuous detention. Congress clearly directed that detainees held in excess of 90 days, subject to exclusion under § 3161(h), be released. The statute provides:

> **§ 3164. Persons detained or designated as being of high risk**
>
> **(a)** The trial or other disposition of cases involving—
>
> > **(1)** a detained person who is being held in detention solely because he is awaiting trial, <u>and</u>
> >
> > **(2)** a released person who is awaiting trial and has been designated by the attorney for the Government as being of high risk, shall be accorded priority.
>
> **(b)** The trial of any person described in subsection (a)(1) **or** (a)(2) of this section **shall commence not later than ninety days following the beginning of such continuous detention** or designation of high risk by the attorney for the Government. The periods of delay enumerated in section 3161 (h) are excluded in computing the time limitation specified in this section.

> **(c)** Failure to commence trial of a detainee as specified in subsection (b), **through no fault of the accused or his counsel**, or failure to commence trial of a designated releasee as specified in subsection (b), through no fault of the attorney for the Government, **shall result in the automatic review by the court of the conditions of release.** No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial. A designated releasee, as defined in subsection (a), who is found by the court to have intentionally delayed the trial of his case shall be subject to an order of the court modifying his nonfinancial conditions of release under this title to insure that he shall appear at trial as required. (emphasis added)

Section 3164 should not be confused with § 3161(h) of the Speedy Trial Act, which is a separate issue---distinct from the issue of release, and setting conditions of release under 18 U.S.C. § 3164. Congress enacted § 3164 to ensure that detainees are not kept in confinement past ninety days and merely utilized § 3161(h) as a method to calculate the ninety day period.

Mr. Stanford is entitled to release on conditions to be set by the Court. The length of confinement has clearly become punitive in nature in addition to the fact that the reasons for delay, if any, were beyond his control. As this Court well knows, due to denial of insurance coverage while being forced to endure the severe restrictions and lack of access to counsel as a result of his pretrial incarceration, Mr. Stanford has not been able to maintain continuity of counsel. Indeed, the insurance coverage decision is still pending in Judge Atlas' court in that case.

As to the issue of release, the sole issue before the Court is whether the 474 days of Mr. Stanford's incarceration fall within the statutory language of § 3164.

## III. EXCLUDABLE DELAYS UNDER 18 U.S.C. § 3161.

Although pretrial detention is permissible when it serves a regulatory rather than a punitive purpose, pretrial incarceration may initially be valid, but assumes a punitive character when prolonged significantly.

Priority must be given to a case in which a defendant is detained, and requires that his trial must, in any event, occur within 90 days, subject to certain periods of excludable delay. These protections are necessary to assure that a person is not detained pending trial for an extended period of time. *See* S. Rep. No. 225, 98th Cong., 1st Sess. 22 n. 63 (1983), reprinted in 1984 U.S.C.C.A.N. 3205; 18 U.S.C. 3161.

The Speedy Trial Act of 1974 (the "Act") is codified at 18 U.S.C.A. §§ 3161 et. seq.. Section 3161(h) of the Act provides, in pertinent part:

> (h) The following periods of delay shall be *excluded* in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to --
>
> (E) delay resulting from any interlocutory appeal;
>
> (F) delay resulting from any pretrial motion, from the

> filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

A calculation of excludable, and non-excludable, time under the Act is attached hereto as Exhibits 1 and 2. A calendar identifying excludable, and non-excludable, time has been prepared as a visual aid and attached hereto as Exhibits 4 and 5 respectively.

**A. MORE THAN 90 DAYS NON-EXCLUDABLE TIME HAS PASSED AND MR. STANFORD, AS A PRETRIAL DETAINEE FOR 474 DAYS MUST BE RELEASED.**

The Speedy Trial statute requires that defendants shall be tried within 70 days of indictment[1]. Significantly, the Act provides, in pertinent part, that: "The trial of any person described in subsection (a)(1) or (a)(2) of this section shall commence not later than 90 days following the beginning of such continuous

[1] 18 U.S.C. §3161 (c)(1) states, " In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

detention or designation of high risk by the attorney for the Government."[2] A docket summary is attached hereto as Exhibit 3.

Where a trial is delayed for more than 70 days, and the cause of the delay does not fit within an exclusion specified in 18 U.S.C. § 3161(h), an indictment *must* be dismissed. *Zedner v. United States*, 547 U.S. 489, 499 (2006). "If a trial does not begin on time, the defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges. If a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges." *Id*. *See also United States v. Lattany*, 982 F.2d 866, 871 (3d Cir. 1992).

In *Zedner,* the defendant waived his rights to a Speedy Trial and also waived his rights to *ever* seek dismissal of his case for denial of his right to a speedy trial. *Id*. at 494. The district court in *Zedner* erroneously relied on the waiver, continued the trial (which could have occurred without delay), and failed to make findings expressly required by §3161(h)(7).[3] In *Zedner*, the Supreme Court held that defendants cannot opt out of the Act, which was promulgated to protect the public interest and rejected the *prospective* waiver of speedy trial rights by the defendant. *Id.* at 500–01. The Court also rejected the notion that such waivers constituted

[2] 18 U.S.C. §3164 (b) also states, "No detainee, as defined in subsection (a) shall be held pending trial after the expiration of such ninety-day period required for the commencement of his trial."

[3] In contrast, this Court made findings on July 16, 2009. These findings do not, as a matter of law, constitute prospective waiver by Defendant.

judicial estoppel which would properly prevent a defendant from seeking dismissal under the Speedy Trial Act. *Id.* at 504–05. Finally, the Court rejected the notion that the findings required by the Speedy Trial Act to justify continuances under §3161(h)(7) could be made implicitly or that it was harmless error for the Court to *condition* trial continuances on express findings. *Id.* at 506–07.

The Supreme Court, in *Zedner*, described the statutory requirements for making determinations of excludable time under the Act. The Court unanimously held that a defendant cannot prospectively waive his rights to a speedy trial under the Act. *Id*. In his opinion, Justice Alito stated, in pertinent part:

> The Act requires that when a district court grants an ends-of-justice continuance, it must "se[t] forth, in the record of the case, either orally or in writing, its reasons" for finding that the ends of justice are served and they outweigh other interests. 18 U.S.C. § 3161(h)(8)(A). Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance **(***the continuance can only be "granted* **. . .** *on the basis of [the court's] findings"***),** *the Act is ambiguous on precisely when those findings must be "se[t***]** *forth, in the record of the case***."** However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2). In ruling on a defendant's motion to dismiss, the court must tally the unexcluded days. This, in turn, requires identifying the excluded days. But § 3161(h)(8)(A) is explicit that *"[n]o . . . period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable . . . unless the court sets forth . . . its reasons for [its] finding[s]."* Thus, without on-the-record findings, there

> can be no exclusion under § 3161(h)(8). *Here, the District Court set forth no such findings at the January 31 status conference, and § 3161(h)(8)(A) is not satisfied by the District Court's passing reference to the case's complexity in its ruling on petitioner's motion to dismiss.* Therefore, the 1997 continuance is not excluded from the speedy trial clock. (emphasis added)

*Id.* at 506–507.

Thus, the *Zedner* decision left open *when* the findings must be made.

It is axiomatic that the Court must interpret the plain language in accordance with the intent expressed by Congress in adopting the Act. *If there is ambiguity in the Act, it must be construed in favor of a criminal defendant.* A review of the history of the Act reveals that Congress did not intend that district courts utilize the "ends of justice" exclusion as a means of circumventing the requirements of the Speedy Trial Act. The legislative purpose behind the Speedy Trial Act and the "ends of justice" exclusion "could be seriously distorted if a district court were able to make a single, open–ended 'ends of justice' determination early in a case, which would 'exempt the entire case from the requirements of the Speedy Trial Act altogether.'" *United States v. Clymer*, 25 F.3d 824, 828–29 (9th Cir. 1994).

The danger of after-the-fact arguments by the Government to rationalize open-ended trial delays, as well as the intent of the Act precludes the Court's determination of excludable delays under the Act unless specific findings of fact are set out at the time of granting the continuance. Strict construction of

§ 3161(h)(8)(A) states that: "no…period of delay resulting from a continuance shall be excludable…unless the court sets forth…its reasons for [its] finding[s]."

Both the defendant and the public have an interest in a speedy trial to protect defendants and ensure the public that criminal cases will be resolved quickly. *United States v. Willis*, 958 F.2d 60 (5th Cir. 1992).

> The Act is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved. Allowing the defendant to waive the Act's provisions would compromise the public interest in speedy justice. In the vast majority of cases, the defendant will be quite happy to delay the final determination of his guilt or innocence. *The Act's central intent to protect society's interests requires that a defendant's purported waiver of his rights under the Act [is] ineffective to stop the speedy trial clock from running.* (emphasis added)

*United States v. Willis*, 958 F.2d 60 (5th Cir. 1992)

Similarly, in *United States v. Renteria Rodriguez*, 824 F. Supp. 657, 660-661 (W.D. Tex. 1993), the Court held that: "A good faith delay, no matter how well intentioned, may undermine the integrity of the criminal justice system as much as deliberate abuse."

### 1. THE OPEN-ENDED "ENDS OF JUSTICE" CONTINUANCE DID NOT COMPLY WITH THE ACT.

The statute requires that the Court set out its reasons for granting a continuance. Section 8(A) of the statute provides, in pertinent part, that:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *No such period of delay* resulting from a continuance granted by the court in accordance with this paragraph *shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.* (emphasis added)

The plain language of the statute clearly makes a distinction between a court's "finding" and the "reasons" for supporting that finding. The Court's July 16, 2009 Order did not set forth any "reasons" supporting its finding that the "ends of justice" served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. This deficiency, *in itself*, compels relief under Section 3164 of the Speedy Trial Act, for the period from July 16, 2009 to December 17, 2009 cannot, as a matter of law, be deemed excludable time.

**2. IN THE WAKE OF ZEDNER, REASONS FOR CONTINUANCES MUST BE SET OUT ON THE RECORD AT EACH STEP OF THE PROCESS.**

The sole difference between the instant case and the Supreme Court's decision in *Zedner* is the Court's July 16, 2009 Order granting continuance, in which the Court concluded that the delay was required due to the "ends of justice."

The July 16, 2009 Order, in pertinent part, stated: "The period of delay due to this Motion for Continuance is the period from the date of the Motion through the date of a new trial setting, and this is excludable time under the Speedy Trial Act." *However, the trial date was not actually set until December 17, 2009— five months after the continuance was granted.* At that time, the trial was set for January 24, 2011, which would be one year and seven months after Mr. Stanford was incarcerated.

Mr. Stanford respectfully submits that the trial setting is an open ended "continuance" as the trial date did not commence prior to expiration of the 90 day requirement under the Speedy Trial Act.

Although Mr. Stanford anticipates that the Government will propose an after-the-fact set of findings for both the July 16, 2009 Order and December 17, 2009 Trial Setting, such findings must be made on each occasion that such a finding is made, and must be supported by facts of record. *"Backdating" a judicial finding "on the record" cannot be allowed.* Indeed, the time to make a "record" for each "ends of justice" continuance must be made at each step of the judicial process. While the Court may have to set trial dates several times in a given case, the reason for delay is supported by findings on the record and makes clear, to the public and to the defendant, as to why trial cannot proceed. A one

time finding that it is in the interest of justice at the beginning of a case frustrates and violates Congressional intent and purpose in adopting the Speedy Trial Act.

### 3. THE LAW ON OPEN-ENDED CONTINUANCES IS UNSETTLED

There is a patchwork of different approaches to the analysis of open-ended continuances founded on the "ends-of-justice." Some courts specify that the continuance must be specific in length and duration or the continuance must be held invalid.[4] Other courts hold that an open-ended "ends-of-justice" continuance is permissible only as long as the open-ended nature remains reasonably related to the rationale of granting the continuance.[5] The third approach, which is generally

---

[4] The Ninth Circuit has held that every ends-of-justice continuance must be specifically limited in duration and justified on the record. *United States v. Jordan*, 915 F2d 563 (9th Cir. 1990); *United States v. Pollock*, 726 F2d 1456 (9th Cir. 1984). An "ends of justice" exclusion was intended by Congress to be "rarely used." *United States v. Nance*, 666 F.2d 353, 355 (9th Cir. 1982). As such, an open-ended ends-of-justice continuance is "not a general exclusion for every delay." *United States v. Martin*, 742 F.2d 512, 514 (9th Cir. 1984).

Furthermore, "the Speedy Trial Act thus requires that an 'ends of justice' continuance be specifically limited in time and that there be findings supported by the record to justify each 'ends of justice' continuance. Otherwise, one early 'ends of justice' continuance could exempt the entire case from the requirements of the Speedy Trial Act altogether, and open the door for wholly unnecessary delays in contravention of the Act's purpose." *United States v. Jordan*, 915 F.2d 563, 566 (9th Cir. Cal. 1990).

[5] Other Circuit Courts have also held that open-ended ends-of-justice continuances are permissible only when the duration is reasonably related to the reason for delay, "limiting what might otherwise be a boundless exclusion of time that could undermine the purposes of the Speedy Trial Act." *United States v. Lo Franco*, 818 F.2d 276, 277 (2d Cir. N.Y. 1987). Therefore, "the length of an exclusion for

followed by the Fifth Circuit, holds that an open-ended "ends-of-justice" continuance may be upheld as long as the duration is reasonable in length. *United States v. Jones*, 56 F.3d 581, 586 (5th Cir. 1995); *United States v. Westbrook*, 119 F.3d 1176, 1188 (5th Cir. Tex. 1997) (holding that a five month open ended continuance does not violate Speedy Trial Act). Regardless of approach, virtually all the decisions reject the proposition that an open-ended "ends-of-justice" continuance allows a one year and 6 month continuance, especially when the defendant is a pretrial detainee in a maximum security prison making it impossible to prepare for a highly complex and discovery intense trial.

The Fifth Circuit adopted the approach that that "district courts may grant open-ended continuances except that continuances for any substantial length of time are extraordinary and must be adequately justified by the circumstances." *Jones*, *supra.* at 586. Situations may exist "in which it is impossible, or at least quite difficult, for the parties or the court to gauge the length of an otherwise justified continuance." *Jones*, 56 F.3d at 586. "In such circumstances, the district court may decide to continue the trial indefinitely, at least until the defendant or the government is able to propose a more specific trial date or until there exists enough additional information for the district court to set one." *Id.* However, if the

---

complexity must be . . . limited in time." *United States v. Gambino*, 59 F.3d 353, 358 (2d Cir. 1995) cert. denied, 517 U.S. 1187, 116, S. Ct. 1671, 134 L. Ed. 2d 776 (1996).

continuance is "for any substantial length of time [it must be] extraordinary and . . . adequately justified by the circumstances of the particular case." *Id.* The court, in *Jones*, did not address *when* the findings must be made nor did it specify the factual detail that must be included in an order under the Speedy Trial Act.

Other courts, however, have *condemned* open-ended continuances unless adequate findings are made at the time of granting the continuance: "We caution district courts . . . against the practice of entering open-ended continuances, no matter who asks for them, and recommend strongly that the reasons for granting any continuance, including ends of justice continuances, be recorded *at the time* the continuance is granted." *See United States v. Garraud*, 2008 U.S. Dist. LEXIS 102471 (E.D. Pa. Dec. 17, 2008) (*citing United States v. Lattany*, 982 F.2d 866, 876 n.14 (3d Cir. 1992)).

There has only been only one request for continuance on July 16, 2009, which was unopposed by the government. The trial date was set on December 17, 2009, with trial to commence on January 24, 2011. While the open ended continuance may have been, in theory, intended to provide sufficient time for the parties to prepare for a complex discovery-intense criminal trial, the open-ended continuance not only violates 18 U.S.C. § 3164, but also Mr. Stanford's Fifth and Sixth Amendment rights by continuing his inability to assist his counsel and review the now over 20 million pages of discovery.

**4. CALCULATIONS UNDER 18 U.S.C. § 3161 DEMONSTRATE DEFENDANT'S ENTITLEMENT TO RELEASE UNDER § 3164.**[6]

Mr. Stanford was not brought to trial within 70 non-excludable days of his arraignment as required by 18 U.S.C. § 3161(c)(1). Under the statute, a defendant must first establish a *prima facie* case of a Speedy Trial Act violation by showing that more than 70 days passed between his indictment or appearance in court and his trial. 18 U.S.C. § 3162(a)(2); *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996).

The government must then show that the number of properly excludable days is sufficient to bring the time period between indictment or appearance and trial, within the 70-day limit. 18 U.S.C. § 3162(a)(2); *Jenkins*, 92 F.3d at 438. *Where a person is detained solely because he is awaiting trial, that person's trial "shall commence not later than 90 days following the beginning of such continuous detention* . . . . *"* 18 U.S.C. § 3164(b). (emphasis added)

Even assuming that the Court counts the period from June 18, 2009 though December 17, 2009 as excludable time (which it should not), Mr. Stanford has *conservatively* calculated the amount of days between his first arraignment and the date of filing this motion that are not excludable pursuant to section 3161(h).

[6] All dates that are used in Mr. Stanford in his Speedy Trial calculations are based on the docket for his case. *See* docket summary for CR. NO. 4:09-342-01, attached as Exhibit 3.

Exhibit 2. Mr. Stanford excluded the following days from the 90 day requirement from his calculations:

- Any time periods of a pretrial motion to disposition even if an "ends of justice" finding was not expressly written in the order or stated on the record when granting additional time to file.
- Any time period for every appeal and writ of mandamus from notice of filing until resolution was excluded.
- Days on which a motion was filed and the day it was resolved by the Court.[7]

Based on the most conservative calculations, more than 70 days are countable – that is, non-excludable – on the speedy trial clock between Mr. Stanford's original surrender, indictment and incarceration on June 18, 2009, and the date of filing this motion. Exhibit 2. Thus, Mr. Stanford's right to a release must be granted pursuant 18 U.S.C. § 3164.

[7] *See* § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). *See, e.g., United States v. Fonseca*, 435 F.3d 369, 372, (D.C. Cir. 2006); *United States v. Papaleo*, 853 F.2d 16, 21 (1st Cir. 1988); *United States v. Oberoi*, 547 F.3d 436, 454 (2d Cir. 2008); *Gov't of Virgin Islands v. Duberry*, 923 F.2d 317, 320 n.8 (3d Cir. 1991); *United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996); *United States v. Johnson*, 29 F.3d 940, 943 n. 4 (5th Cir. 1994); *United States v. Daychild*, 357 F.3d 1082, 1093 (9th Cir. 2004); *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984); *United States v. Tinklenberg*, 579 F.3d 589, 595 (6th Cir. Mich. 2009).

## IV. MR. STANFORD HAS BEEN HELD IN PRETRIAL INCARCERATION FROM JUNE 18, 2009.

Mr. Stanford's 70-day speedy trial clock began running on June 18, 2009, his first appearance before Magistrate Judge Stacy. *See* 18 USC § 3161 (c)(1); *United States v. Ross*, 654 F.2d 612, 615 (9th Cir. Or. 1981) (stating speedy trial clock begins to run from indictment or first appearance before a judicial officer in the district, whichever occurs later); *United States v. Tinklenberg*, 579 F.3d 589, 594 (6th Cir. 2009) (noting that the "Speedy Trial Act applies only to cases in which the defendant has entered a not guilty plea, the initial appearance after the indictment is the event that triggers the seventy day period"). To assist this Court, Mr. Stanford has set out the legal analysis of non-excludable delay below.

### A. CALCULATING NON-EXCLUDABLE DAYS UNDER 18 U.S.C. § 3164(h)(7)

From June 25, 2009 to June 30, 2009, Mr. Stanford had a detention and arraignment hearing. Mr. Stanford originally was granted bail, but the Government filed a Motion to Revoke Release Order. A motion hearing was held before Judge Hittner on June 29, 2010, and an Order revoking bond was issued on June 30, 2009. Mr. Stanford concedes that this time is excluded. Thus, Mr. Stanford's speedy trial clock remains at 70 days.

The time from July 1, 2009 to July 5, 2009 is non-excludable time. No case activity occurred that could count towards excludable time per 18 USC

§3161(h)(7). Thus, Mr. Stanford's speedy trial clock at this juncture must be set at 65 days.

On July 6, 2009 a Motion for an Order Directing the United States to Take All Necessary Steps to Release Funds to Pay for Mr. Stanford's Defense, Or, In the Alternative, To Dismiss the Indictment was filed on Mr. Stanford's behalf. Also, a Motion for Reconsideration and/or Reopen the Court's Detention was filed on July 7, 2009, the Order denying the motion was issued on July 9, 2009. A Motion for an Order Transferring Mr. Stanford from Pretrial Detention at the Joe Corley Detention Center in Conroe, Texas to the Federal Detention Center in Downtown Houston was filed on July 9, 2009. These filings tolled Mr. Stanford's speedy trial clock through an Order, from this Court, on July 16, 2009 that set an open-ended "ends of justice" continuance.

Therefore, through December 17, 2009, Mr. Stanford's speedy trial clock is at 65 days. At the time of setting the trial date, the Court did not make further findings as delay under the Act until the January 24, 2011, trial date. Even if one considers the actual delays between December 17, 2009 through January 24, 2011 under Section 3161 of the Act, Defendant is entitled to dismissal.

From December 18, 2009 to December 20, 2009 is non-excludable time. No case activity occurred that could count towards excludable time per 18 USC

§ 3161(h) (7). Thus, Mr. Stanford's speedy trial clock at this juncture is reduced to 62 days.

From December 21, 2009 through December 23, 2009 is excludable time because the filing of a Motion for Reconsideration of Order of Detention Due to Changed Circumstances. This motion was denied on December 23, 2009, thus starting the speedy trial clock again. However, from December 24, 2009 until January 4, 2010, no case activity occurred that could count towards excludable time per 18 USC §3161(h) (7). Thus, as of January 4, 2010, Mr. Stanford's speedy trial clock was reduced to 50 days. Mr. Stanford appealed the denial of his Motion for Reconsideration of Order of Detention Due to Changed Circumstances on January 5, 2010. However, this appeal is not interlocutory as the characteristics of this appeal do not divest this Court of jurisdiction to conduct pending proceedings. Additionally, this appeal, regardless of the outcome, did not change the date of trial, delay trial, or pretrial proceedings in any way, and would not result in a final disposition of the case. *See* 28 U.S.C. § 1291; 28 U.S.C. 1292(b) (allows the district court to certify an order for interlocutory appeal if (1) the order involves a 'controlling question of law as to which there is substantial ground for difference of opinion,' and (2) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.').

There is no rule that a defendant cannot file a motion for bail after he appeals once and is denied. Mr. Stanford's appeal was in effect a bail appeal. The time from the date of filing the appeal to the next excludable action in Mr. Stanford's case is January 5, 2010.

During the appeal time from January 5, 2010 to March 9, 2010, there were a few pre-trial motions that count as excludable time. The period from January 6, 2010 to January 8, 2010 is excluded because of a Motion for Written Reasons For Order Regarding Detention was filed and denied by this Court. Additionally, the period from February 19, 2010 to February 24, 2010 is excluded because of an Opposed Motion to Release from Custody and a Motion to Authorize Visit at FDC, both were denied by this Court on February 24, 2010. This means that the excludable time between January 5, 2010 and March 9, 2010 is 9 days. As of March 9, 2010, the speedy trial clock had run in excess of 5 days or, stated otherwise, Mr. Stanford has 75 days *non-excludable* days under the Speedy Trial Act. Mr. Stanford concedes that March 10, 2010 through April 9, 2010, is excluded time because of a Motion for Access to Internet Discovery While Incarcerated in The Federal Detention Center. The motion was filed March 10, 2010, and was denied by this Court on April 9, 2010. During the motion consideration, several other motions and a hearing were held regarding a change in

attorneys for Mr. Stanford. Therefore, as of April 9, 2010, Mr. Stanford was at 75 non-excludable days.

As of October 4, 2010, Mr. Stanford has been incarcerated in maximum security prisons for 474 days, of which 134 are non-excludable and in violation of the 90 day limitation pursuant to 18 U.S.C. § 3164. From April 10, 2010 to April 27, 2010, no case activity occurred that could count towards excludable time under 18 USC §3161(h)(7). Mr. Stanford's speedy trial clock thus stood at 92 non-excludable days, as of April 27, 2010. From April 28, 2010 to October 4, 2010, an additional 45 days of non-excludable time accumulated for Mr. Stanford. Thus, as of the date of filing this memorandum, the Court should find that 288 days of non-excludable times has run under the Speedy Trial Act. Even using the most conservative calculation, the Court must still determine that 134 days of non-excludable time has run under the Speedy Trial Act. Thus, Mr. Stanford's pretrial detention exceeded the 90 day threshold requirement for by 44 days, which entitles him to "automatic review by the court of the conditions of release…[as] no detainee…shall be held in custody pending trial after the expiration of such 90 day period required for the commencement of his trial." 18 U.S.C. § 3164.

## V. CONCLUSION

Mr. Stanford has been incarcerated in maximum security prisons for 474 days, of which 288 are non-excludable.[8] Even *assuming* this Court considers 154 days (from July 17, 2009, the day following the Order, through December 17, 2009, the date of the trial setting) as excludable time, Mr. Stanford still has 134 non-excludable days.[9] The clear and unambiguous language of 18 U.S.C. § 3164 compels the conclusion that release of a detainee is mandatory after 90 days. This Court's finding did not satisfy the plain language of the statute that the Court set out "reasons" to support its finding that an open-ended continuance may be granted in the "ends of justice." Thus, the July 16, 2009 Order granting continuance cannot, as a matter of law, be considered excludable time under the Act. Similarly, findings must be made concurrently, and at the time of the continuance; otherwise, the protections of the Speedy Trial Act circumvents Congressional intent and becomes nothing more than a hollow promise.

Mr. Stanford seeks either immediate release from pretrial detention, subject to reasonable conditions, or dismissal of the indictment with prejudice.

---

[8] *See* Exhibit 1 at 12.
[9] *See* Exhibit 2 at 12.

WHEREFORE, Robert Allen Stanford requests this Honorable Court set an expedited hearing date to set the conditions of his release, or dismiss the indictment with prejudice.

October 6, 2010

Respectfully submitted,

/s/ ROBERT S. BENNETT

Robert S. Bennett
Texas Bar No. 02150500
Fed. Bar No. 465
515 Louisiana St., Suite 200
Houston, TX 77002
(TEL) 713-225-6000
(FAX) 713-225-6001

ATTORNEY FOR
ROBERT ALLEN STANFORD

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I have complied or attempted to comply with the meet and confer requirement of the rules of this Honorable Court and the local rules of the Southern District of Texas. Further, Counsel has conferred with U.S. Attorney Gregg Costa via email on September 30, 2010 and he is opposed to a speedy trial motion.

/s/ ROBERT S. BENNETT
Robert S. Bennett

## CERTIFICATE OF SERVICE

I certify compliance with the Court's Procedures. On October 6, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

/s/ ROBERT S. BENNETT
Robert S. Bennett

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CR. NO.4:09-342-01 |
| | § | |
| | § | |
| ROBERT ALLEN STANFORD | § | |

**ORDER**

Having considered Defendants' Amended Motion for Review of Conditions of Release, or in the Alternative, to Dismiss for Lack of Speedy Trial, the Court being fully advised, and good cause shown:

**IT IS HEREBY ORDERED** that Defendants' Amended Motion for Review of Conditions of Release, or in the Alternative, to Dismiss for Lack of Speedy Trial is **GRANTED**.

**SIGNED** at Houston, TX, this ______ day of October, 2010.

________________________________
Honorable Judge DAVID HITTNER