IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | |
| v. | | Criminal Action No. H-09-342 |
| ROBERT ALLEN STANFORD | | |

## ORDER

Pending before the Court is Defendant's Second Amended Motion for Review of Conditions of Release or to Dismiss for Lack of Speedy Trial (Document No. 331). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied.

Defendant Robert Allen Stanford ("Stanford") moves the Court to review the conditions of his release or to dismiss his indictment contending he has been denied his right to a speedy trial under the Speedy Trial Act codified in 18 U.S.C. § 3161. He contends he is entitled to "an automatic review by the court of the conditions of his release" as provided under 18 U.S.C. § 3164.

This is now the fourth motion Stanford has submitted requesting the Court to release him from pretrial detention. After denying the three previous motions, the United States Court of Appeals for the Fifth Circuit affirmed each of the Court's rulings. *See United States v. Stanford*, No. 10-20466, 2010 WL 344852, at *3 (5th Cir. Aug. 31, 2010) (affirming this Court's denial of Stanford's motion for release

based on various constitutional protections); *United States v. Stanford*, No. 10-20012, 2010 WL 597419, at *4 (5th Cir. Feb. 17, 2010) (affirming this Court's denial of Stanford's motion to reconsider and reopen the detention order); *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. Aug. 24, 2009) (affirming this Court's detention order issued June 30, 2009). This is the first time Stanford has specifically cited the Speedy Trial Act as a reason for his release, contending it is "through no fault of his own" that his trial has not commenced and stating that the applicable statutory periods—seventy days and ninety days—have elapsed. Because Stanford complains he has not been afforded a speedy trial, a cursory review of the events leading up to this motion is warranted.

On June 18, 2009, a federal grand jury for the Southern District of Texas returned a twenty-one count indictment charging Stanford and others with, *inter alia*, conspiring to commit securities fraud and money laundering, and conspiring to obstruct and obstructing an investigation headed by the Securities and Exchange Commission.

On June 30, 2010, after holding a hearing, weighing the evidence, and considering the factors enumerated in 18 U.S.C. § 3142—including whether Stanford is a serious flight risk—the Court gave detailed reasons why it concludes no condition or combination of conditions will reasonably assure Stanford's appearance

as required. Accordingly, the Court granted the Government's motion for revocation of release and committed Stanford to pretrial detention. *See* 18 U.S.C. § 3142.

On July 14, 2009, Stanford and three of his co-defendants, filed a motion for continuance. Specifically, Stanford stated, "This case is complex, and counsel request the Court to declare it as such." Additionally, he stated "taking into account the exercise of due diligence, it is unreasonable to expect adequate preparation for trial proceedings or of the trial itself within the time limits that have been set by this Court."[1] Stanford then conceded that he fully understood "that any delay of this trial under this request is excludable time under the Speedy Trial Act." Further he admitted that he, along with his co-defendants, filed "Waivers of Trial Limits under the Speedy Trial Act 18 U.S.C. §§ 3161-3174 at arraignment."

On July 16, 2009, the Court granted Stanford's motion for continuance, certified the case as complex, and granted Stanford's request for a status conference to determine the trial date. The Court found that the "ends of justice served by granting the motion outweigh the best interests of the public and Defendants in a speedy trial." Specifically, the Court found that "this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial

---

[1] The trial was initially set to commence on August 25, 2009, sixty-one days after arraignment and well within the seventy- or ninety-day period Stanford now complains has elapsed.

3

proceedings or for the trial itself within the time limits set out by the Speedy Trial Act."

On September 15, 2009, the Court held a hearing regarding Stanford's change of counsel.

On October 14, 2009, the Court held a status hearing and Stanford requested an additional sixty days before a trial date was set so his counsel could determine when they would be ready for trial.

On December 17, 2009, the Court held a hearing to set the trial date. At the hearing, Stanford requested the Court to set the trial date for summer 2011 while the Government requested a trial date in fall 2010. The Court ultimately set the trial date for January 24, 2011.

Stanford comes now, citing both 18 U.S.C. § 3164 and § 3161, for his assertion that he is entitled to an automatic review of his pretrial detention because, "through no fault of his own," "trial did not commence within 90 days of continuous detention." The Court explained its reasons in its July 16, 2009 Order, for finding the time between the issuance of the Order and the trial date to be excludable under the Speedy Trial Act. Additionally, the current trial date—January 24, 2011—allows Stanford's trial to commence *earlier* than when Stanford requested.

To the extent Stanford contends the July 16, 2009 Order improperly granted

4

an "open-ended" continuance, Stanford's argument fails. The Fifth Circuit has upheld open-ended continuances as long as the duration is reasonable in length. *United States v. Westbrook*, 119 F.3d 1176, 1187 (5th Cir. 1997) (finding that in some cases it may be impossible or nearly impossible for the parties to "gauge the length" of an appropriate continuance). Moreover, Stanford cannot use the Speedy Trial Act as a two-edged sword. *See, e.g., id.* at 1188; *United States v. Eakes*, 783 F.2d 499, 503 (5th Cir. 1986). Indeed, he requested the very continuance he now complains violates his right to a speedy trial. *See United States v. Whitfield*, 590 F.3d 325, 358 (5th Cir. 2009) (citing *United States v. Kington*, 875 F.2d 1091, 1108 (5th Cir. 1989)) (endorsing "the sensible maxim that defendants ought not to be able to claim relief on the basis of delays which they themselves deliberately caused.").

Notwithstanding the foregoing, the Court will again explain why the motion for continuance was necessary and why the "ends of justice served by taking such action outweigh the best interest of the public and the [D]efendant in a speedy trial."[2]

Title 18 U.S.C. § 3161(h) enumerates excludable periods of delay in the calculation of both the accused's right to a speedy trial and a person detained's right

---

[2] In his reply to the Government in support of his motion, Stanford contends, "**At the time of the setting the trial on December 17, 2009, it is undisputed that no findings were made under any section of the Speedy Trial Act.**" This is clearly erroneous. The Court explained its reasons for certifying this case as complex in its July 16, 2009 order, granting Stanford's own request for continuance.

5

to "automatic review" under 18 U.S.C. §§ 3164 and 3161. Included in this list is the court's grant of continuance based on the finding that the "ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court's focus is on, as it must be, whether counsel for the defendant or the attorney for the government have reasonable time necessary for effective preparation. *See Bloate v. United States*, 559 U.S. ---, 130 S.Ct. 1345, 1355–56 (2010) (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)).[3] In this case, the Court finds that due to the complexity of the case, the number of witnesses and amount of evidence involved, and the nature of the prosecution, it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(b)(ii); *see Bloate*, 130 S.Ct. at 1356.[4]

Accordingly, the Court hereby

---

[3]Stanford relies on *Bloate v. United States*, 559 U.S. ---, 130 S.Ct. 1345, 1355–56 (2010), for the proposition that "time granted to a party under [18 U.S.C. §] 3161(h)(7) is not automatically excludable *unless the district court makes case specific findings that the 'ends of justice' served by taking such action outweigh the best interest of the public and the defendant and makes such findings on the record.*" The Court did just that in its July 16, 2009 Order and does so again here.

[4]Stanford states the Court granted a continuance on December 18, 2009. This is incorrect. On December 18, 2009, the Court issued an Order setting the trial date for this case. As previously stated, the Court granted Stanford's motion for continuance on July 16, 2009 and gave reasons for doing so at that time in compliance with the Speedy Trial Act.

ORDERS that Defendant's Second Amended Motion for Review of Conditions of Release or to Dismiss for Lack of Speedy Trial (Document No. 331) is DENIED.

SIGNED at Houston, Texas, on this **22** day of October, 2010.

DAVID HITTNER
United States District Judge