# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-09-342-01-S** |
| | § | |
| **ROBERT ALLEN STANFORD** | § | |
| **a/k/a Sir Allen Stanford,** | § | |
| **a/k/a Allen Stanford,** | § | |
| | § | |
| **Defendant.** | § | |

## UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE FOR ASSET NOS. 26 AND 27

The United States seeks a Final Order of Forfeiture for all funds on deposit in two financial accounts, Asset Nos. 26 and 27, which were preliminarily forfeited in the Amended Order of Forfeiture signed by this Court on June 1, 2012 (Dkt No. 862). The forfeiture order was published, and direct notice was given to the appropriate third parties. Only Rebecca Reeves-Stanford filed a petition claiming an interest in the two accounts, and her petition has been dismissed.

## PROCEDURAL BACKGROUND

On March 6, 2012, a jury found Defendant Robert Allen Stanford guilty beyond a reasonable doubt of certain criminal offenses, including conspiracy and fraud. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(A), the Defendant elected to retain the jury "to determine the forfeitability of specific property." A forfeiture trial commenced, and on March 8, 2012, the jury returned a special verdict

for the Government on the property sought to be forfeited, specifically finding that the funds to be forfeited from twenty-nine financial accounts were all proceeds obtained as a result of the Defendant's criminal conduct.

In light of the special verdict establishing the requisite nexus between the property and the criminal offenses, the Court forfeited the property and signed an Amended Order of Forfeiture on June 1, 2012 (Dkt No. 862).  The Defendant was sentenced on June 14, 2012 (Dkt No. 878), and his conviction was affirmed on October 29, 2015 (Dkt No. 1292).  On November 28, 2016, the Defendant's petition for writ of certiorari was denied by the U.S. Supreme Court (Dkt No. 1299).

## ARGUMENT AND AUTHORITIES

### 1. Forfeiture Procedure

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), a preliminary order of forfeiture is final as to a defendant at sentencing and extinguishes any right the defendant might have had in the forfeited property.  A preliminary order does not, however, adjudicate potential third-party rights in that property.  Rule 32.2(b)(2)(A) provides that a court must enter a preliminary order of forfeiture:

> without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Once the Court signs an order preliminarily forfeiting specific property, "the government must publish notice of the order and send notice to any person who

reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding."   FED.R.CRIM.P. 32.2(b)(6)(A); *see also* 21 U.S.C. §853(n)(1) (procedures applicable through 28 U.S.C. §2461(c)).  If a third party files a petition, then the court must conduct an ancillary proceeding, and may, upon motion, dismiss a petition for failure to state a claim.  FED.R.CRIM.P. 32.2(c)(1)(A). When the ancillary proceeding ends, the Court must enter a final order of forfeiture. FED.R.CRIM.P. 32.2(c)(2).

## 2.  Notice of Forfeiture was Provided, and Only One Petition was Filed

In this case, the United States published notice of the Amended Order of Forfeiture for at least 30 consecutive days starting on June 6, 2012 (Dkt No. 904), and more than 60 days have passed since the first date of publication.  The United States also provided direct notice to any party who reasonably appeared to be a potential claimant with standing to contest the forfeiture, and those parties received notice of the forfeiture order and the opportunity to file a petition claiming an interest in the forfeited property.  *See* Certification of Notice of Forfeiture (Dkt No. 973); Supplemental Certification of Notice of Forfeiture (Dkt No. 1300).

Asset No. 26 is a financial account held in the name of "The Prophecy Trust" in the Isle of Man.  Asset No. 27 is a financial account held in the name of "Southpac Life Insurance Limited" in Switzerland.  The parties noticed with respect to Asset

Nos. 26 and 27 include Rebecca Reeves-Stanford, The Prophecy Trust, Southpac Life Insurance Limited, and The Baby Mama Trust. *Id.*

All deadlines to file petitions have passed, and the only party to file a third-party petition asserting a claim to any of the assets was Rebecca Reeves-Stanford. On August 20, 2012, Rebecca Reeves-Stanford filed a Notice of Claim and Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n) (Dkt No. 991) with respect to Asset Nos. 26 and 27.

### 3.  The Petition of Rebecca Reeves-Stanford was Dismissed

On October 2, 2017, the United States filed a Motion to Dismiss the Petition of Rebecca Reeves-Stanford (Dkt No. 1349) for failure to state a claim upon which relief could be granted.  The Court granted the United States' motion and dismissed the Petition on October 25, 2017 (Dkt No. 1359).

On October 31, 2017, Ms. Reeves-Stanford filed a Motion for Reconsideration of Ruling on United States' Motion to Dismiss (Dkt No. 1361).  The Court denied that motion on November 2, 2017 (Dkt No. 1362).

Because the Court has disposed of all third-party petitions and the ancillary proceeding had ended, it is now appropriate to enter a final order of forfeiture for Asset Nos. 26 and 27.  FED.R.CRIM.P. 32.2(c)(2) ("When the ancillary proceeding ends, the court must enter a final order of forfeiture ...."); 21 U.S.C. §853(n)(7)

(following the disposition of any petitions, "the United States shall have clear title to property that is the subject of the order of forfeiture").

Asset Nos. 26 and 27 are the last assets for which final orders of forfeiture are likely to be sought in Robert Allen Stanford's criminal case.  As previously expressed to this Court, any forfeited funds the United States recovers will be returned to the Defendant's fraud victims and will not be retained by the United States.

## CONCLUSION

In light of the foregoing, the United States moves for a final order of forfeiture for Asset Nos. 26 and 27.

The United States submits for the Court's consideration a proposed Final Order of Forfeiture (Asset Nos. 26 and 27), finally forfeiting the funds on deposit in the two financial accounts.  An original version of the Order with full account numbers will be provided to the Court under seal, and those full account numbers will be shared with the appropriate countries as necessary.  In the proposed Order that is being filed of public record, portions of each account number are redacted.

Respectfully submitted,

ABE MARTINEZ
Acting United States Attorney
Southern District of Texas

         s/Kristine E. Rollinson
By:    Kristine E. Rollinson
       John P. Pearson
       Assistant United States Attorneys
       1000 Louisiana, Suite 2300
       Houston, Texas  77002
       tel. (713) 567-9000


       SANDRA MOSER
       Acting Chief, Fraud Section
       BENJAMIN SINGER
       Deputy Chief, Securities and Financial
             Fraud Unit

         s/Brittain Shaw
By:    Brittain Shaw
       Trial Attorney
       Criminal Division
       Fraud Section
       U.S. Department of Justice


       DEBORAH CONNOR
       Acting Chief, Money Laundering and
             Asset Recovery Section
       Criminal Division

         s/Ann Marie Blaylock
By:    Ann Marie Blaylock
       Senior Trial Attorney
       U.S. Department of Justice

## CERTIFICATE OF NON-CONFERENCE

The Defendant lost any interest in the forfeited property at the time he was sentenced, and his conviction has been affirmed.  The only third party who filed a petition claiming an interest in the property listed in the proposed order was dismissed.  Therefore, there were no interested parties for the undersigned to contact with regard to whether they are opposed or unopposed to the relief sought by this motion.

 s/Kristine E. Rollinson
Kristine E. Rollinson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was served on all counsel of record via electronic court filing on December 13, 2017.  In addition, a copy of this pleading was mailed to the following:

Mr. Robert Allen Stanford
Inmate Reg. # 35017-183
FCC Coleman USP II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521

 s/Kristine E. Rollinson
Kristine E. Rollinson