IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Respondent, § | | |
| § | Civ. No. 4:17-CV-3575 | |
| v. § | | |
| § | Crim. No. 4:09-CR-342-1 | |
| ROBERT ALLEN STANFORD, § | | |
|     Petitioner § | | |

**UNITED STATES' RESPONSE TO STANFORD'S
REQUEST TO AMEND HIS 28 U.S.C. § 2255 MOTION**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by the United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, respectfully requests that this Court deny Stanford's request to amend his 28 U.S.C. § 2255 motion.

The Supreme Court of the United States denied Stanford's petition for a writ of certiorari on November 28, 2016. *Stanford v. United States*, 137 S. Ct. 491 (Nov. 28, 2016). Stanford filed his initial § 2255 motion within the one-year limitations period on November 21, 2017. Doc. 1363. He now seeks leave to amend his § 2255 motion with new claims. Doc. 1381, pp.1-9.

When a motion to amend or supplement a § 2255 motion is filed

1

outside of the one-year limitations period, the claims in the motion to supplement are only considered timely if they "relate back" to the claims in the initial, timely-filed § 2255 motion. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). "New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance of counsel claims simply because they violate the same constitutional provision." *Id.* at 680. Rather, if a defendant's "new claim asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," then the "proposed amendment does not relate back to his original pleading and is time-barred." *Id.*

In *Gonzalez,* the Fifth Circuit rejected a defendant's relation-back argument where his initial § 2255 motion asserted ineffective assistance of counsel at sentencing and in coercing the defendant to go to trial. *Id.* The proposed amendment asserted ineffective assistance based on counsel's failure to file an appeal. *Id.* The Court explained that "[f]ailing to file an appeal is a separate occurrence in both time and type from conduct that occurs at the sentencing phase and before trial." *Id.* (internal quotation omitted). The Court concluded, "[b]ecause the proposed amendment raises a new claim and therefore does not relate

2

back to the original § 2255 motion, it is time-barred." *Id.* Nothing warrants a different result here.

In his initial § 2255, Stanford asserted only ineffective assistance of counsel claims related to his asset-freeze issue based upon *Luis v. United States,* 136 S. Ct. 1083 (2016). Doc. 1364, p. 4 ("NOTE: Mr. Stanford wants to make it crystal clear that the specific purpose of this 2255 petition, and his only focus in filing this motion, is to bring to this Court's attention Mr. Stanford's repeated attempts to gain access to his 'untainted' funds which were held in foreign bank accounts that were illegally frozen by the DOJ, and which resulted in a denial of Mr. Stanford's Sixth Amendment right to hire the counsel of his choosing to defend him in criminal court."). Stanford argued that his defense team was ineffective at trial on the following grounds: (1) filing a joint motion to withdraw days before trial; (2) failing to investigate his bank accounts that contained allegedly untainted assets; and (3) failing to investigate alleged collusion between the civil and criminal proceedings. Doc. 1364, pp. 10-13.

Unrelated to his *Luis* claim, he argued counsel was ineffective for failing to: (1) object when the prosecutor summarized the superseding

indictment; (2) object when the court failed to re-administer Stanford's rights at arraignment on the superseding indictment; (3) object to the filing of a materially different indictment; (4) object to Stanford's inadequate understanding of the charges in the superseding indictment. Doc.1364, pp. 11-13.

In his motion to supplement, Stanford broadly asserts for the first time that defense counsel rendered ineffective assistance because counsel (1) failed to impeach the prosecution's main witness regarding alleged falsified evidence, (2) failed to object to vouching for "FBI's 'Accidental' deletion of electronic evidence," and (3) failed to impeach the witness's credibility in relation to this evidence. Doc.1381, pp.2-7. As in *Gonzalez,* the types of ineffective assistance alleged in Stanford's initial motion and in his motion to supplement significantly differ in both time and type.

Stanford's initial claims all relate to counsel's purported ineffective assistance related to his *Luis* claim and to the superseding indictment. The claims raised in his motion to supplement are entirely different in both time and type because Stanford challenges counsel's failure to impeach a trial witness on discrete evidentiary issues raised for the first time in his motion to supplement. *See Gonzalez*, 592 F.3d at 680. In light

4

of that, Stanford has not shown and, indeed, has not even attempted to show that his new claims "relate back" to his initial § 2255 pleading. Those claims are, therefore, time-barred.

## CONCLUSION

In light of the foregoing, the government prays that this Court deny Stanford's request to amend his 28 U.S.C. § 2255 motion.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

/s/ *Lauretta Drake Bahry*
LAURETTA DRAKE BAHRY
Assistant United States Attorney
ATTORNEYS FOR RESPONDENT
1000 Louisiana Suite 2300
Houston, TX  77018
(713) 567-9102

## CERTIFICATE OF SERVICE

I, Lauretta Drake Bahry, certify that on February 16, 2018, a true and correct copy of the foregoing United States' Response to Stanford's Request to Amend His 28 U.S.C. § 2255 Motion was mailed to the movant at the following address:

Robert Allen Stanford
Fed. Reg. No. 35017-183
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL  33521

                                                   /s/*Lauretta Drake Bahry*
                                                   LAURETTA DRAKE BAHRY
                                                   Assistant United States Attorney