IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 17 2025

Nathan Ochsner, Clerk of Court

UNITED STATES OF AMERICA

vs.                                                   Case No. 4:09-cr-00342

ROBERT ALLEN STANFORD

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION

Robert Allen Stanford, defendant *pro se*, hereby files this 'Defendant's Reply To Government's Response In Opposition' and submits the following reasons why this Court should disregard the Government's "cut and pasted" Response in its entirety.

Once again, as expected, and even with a new political administration and Department of Justice, led by a law-abiding and Constitution-respecting Attorney General, the U.S. Attorney's Office for the Southern District of Texas, Houston Division continues to go to extraordinary, and clearly diversionary, lengths to protect as lawful, and avoid any direct addressing of, the indisputable jurisdictional and structural defects in the May 4, 2011 Superseding Indictment (Doc. 422); defects that have infected, and affected, the framework within which this case has proceeded for the past **14** years.

1

Bluntly put, after being given a full six weeks to 'Respond To The Merits' of Mr. Stanford's Motion For Reduction In Sentence under 18 U.S.C. 3582(c)(1)(A)(i), and the U.S. Sentencing Commissions' new policy statement in U.S.S.G. 1B1.13,(b)(5) and (b)(6), and the precedential decision in *United States v. Jean*, 108 F.4th 275 (5th Cir. April 18, 2025), this latest version of the U.S. Attorney's Office **"fleeing and eluding"** - like a car thief in a high-speed police chase- consists of nothing more than a very crudely cut and pasted reiteration of its 4 years-old responses to completely different issues concerning the COVID-19 pandemic, long ago-disproven propaganda about the non-existent **"Ponzi scheme"**, and overarching all, a blatant disregard of, and in fact a conspicuous evasion of, the factually dispositive jurisdictional and structural defects raised in this proceeding by Mr. Stanford relative to Count Four...all of which, in equally astonishing measure, this Court is likely to accept as sufficient responses to the merits of this motion; likely, to...

**(1)** once again, issue a ruling devoid of any demonstrable "due consideration" of these non-frivolous arguments; likely,

**(2)** once again, leaving him with nothing specific to present on appeal; and likely,

**(3)** once again, running afoul of the mandatory **"must give due consideration"** and **"specific factual reasons"** requirement in *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); and thus, likely

**(4)** once again, necessitating that Mr. Stanford seek a pre-appeal remand from the Fifth Circuit.

Accordingly, without waving any of the non-frivolous arguments he raised in this proceeding, Mr. Stanford asks this Court, simply, to demonstrate that it has given due consideration to the non-frivolous jurisdictional and inextricably intertwined structural defects arising out of the **"purely intrastate"** (Houston to Houston) wire

communication charged in Count Four; that is, to provide, in its ruling, a legal explanation showing how it is possible that this wire communication with no federal nexus was somehow transformed by this Court into a Constitutionally-acceptable violation of the federal wire fraud statute, 18 U.S.C. 1343, and therein punishable under federal law.

In specific terms, he asks this Court to reconcile the Government's absurd and boldly evasive Response, and its likely acceptance of it, with the U.S. Sentencing Commission's new and purposefully expanded definition of "extraordinary and compelling reasons" for sentencing relief as set forth in U.S.S.G. 1B1.13, (b)(5) and (b)(6), and the precedential decision in *United States v. Jean*, 108 F.4th 275 (April 18, 2025). And in so doing, that it further reconcile its ruling with the indisputably dispositive words of Judge Edith Brown Clement who, back on October 19, 2015 stated that:

**"The particular predicate for jurisdiction is an essential element of any federal offense. The particular predicate for wire fraud requires a communication in interstate or foreign commerce. 18 U.S.C. 1343 The statute, does not apply to 'purely intrastate' communication."** *United States v. Stanford*, **805 F.3d 557 (5th Cir. 2015)**

After which, if and when this Court actually provides such demonstrable "due consideration" of just this one issue, to the exclusion of all others raised in this proceeding, Mr. Stanford will accept this Court's judgment of conviction, and will then turn away from the Courts to complete, without further challenge, the 110 year term of imprisonment it imposed on him on March 6, 2012...a term that in the estimation of the U.S. Attorney's Office, represents **"leniency"**.

Respectfully submitted,

Date: June 15, 2025

_____

Robert Allen Stanford

Reg. # 35017-183

FCC Coleman USP II

P.O. Box 1034

Coleman, Florida 33521

## Certificate of Service

I, Robert Allen Stanford, *pro se*, hereby certify that on this 15th day of June 2025, I placed a copy of this Defendants Reply To Government's Response In Opposition in the U.S. Mail addressed to:

United States Attorney's Office
1000 Louisiana
Suite 2300
Houston, Texas 77002

_____

Robert Allen Stanford